**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Jackie V. Nichols, Esq.
Nevada Bar No. 14246
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
jnichols@maclaw.com
   Attorneys for Defendants Las Vegas Metropolitan
 Police Department and Sheriff Joseph Lombardo

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEBYOU SOLOMON, an individual,<br><br>            Plaintiff,<br><br>   vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOSEPH LOMBARDO, individual; DOE OFFICERS I - III, individuals,<br><br>            Defendants. | Case Number:<br>2:22-cv-00847-JCM-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiff Nebyou Solomon ("Plaintiff"), by and through his counsel of record, Margaret A. McLetchie, Esq., N. Pieter O' Leary, Esq. and Leo S. Wolpert, Esq., of McLetchie Law, and Defendants, the Las Vegas Metropolitan Police Department (the "Department" or "LVMPD") and Sheriff Joseph Lombardo ("Lombardo"), collectively ("LVMPD Defendants"), by and through their counsel of record, Nick D. Crosby, Esq. and Jackie V. Nichols, Esq., of Marquis Aurbach, hereby stipulate and agree to extend the Discovery Plan and Scheduling Order deadlines an additional ninety (90) days. This Stipulation is being entered in good faith and not for purposes of delay.

**I.   STATUS OF DISCOVERY.**

    **A.   PLAINTIFF'S DISCOVERY.**

    1.   Plaintiff's Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated August 19, 2022.

2. Plaintiff Nebyou Solomon's Interrogatories to LVMPD - Set One dated November 1, 2022.

3. Plaintiff Nebyou Solomon's Requests for Production of Documents to LVMPD - Set One dated November 1, 2022.

4. Plaintiff's First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated January 3, 2023.

5. Plaintiff Nebyou Solomon's Requests for Production to LVMPD - Set Two dated May 16, 2023.

**B.    DEFENDANTS' DISCOVERY.**

1. LVMPD Defendants' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated August 19, 2022.

2. LVMPD's Answers to Plaintiff Nebyou Solomon's Interrogatories - Set One dated December 5, 2022.

3. LVMPD's Responses to Plaintiff Nebyou Solomon's Requests for Production of Documents - Set One dated December 5, 2022.

4. LVMPD Defendants' First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated December 5, 2022.

**II.    DISCOVERY THAT REMAINS TO BE COMPLETED.**

The Parties are actively conducting discovery. The Parties are working on depositions of named parties and witnesses. For the reasons explained below, the Parties will need additional time to propound written discovery, respond to written discovery, conduct depositions, and disclose experts.

**III.    SPECIFIC DESCRIPTION OF WHY EXTENSION IS NECESSARY.**

Pursuant to Local Rule 26-3, the Parties submit that good cause exists for the extension requested. This is the first request for an extension of discovery deadlines in this matter. The Parties acknowledge that, pursuant to Local Rule 26-3, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than 21 days before the expiration of the subject deadline, and that a request made within 21 days must be supported

MAC:14687-417 5104424_1 5/30/2023 2:16 PM

by a showing of good cause. Further, requests made after the expiration of the subject deadline will not be granted unless the Parties demonstrate that the failure to act was the result of excusable neglect. Here, most of the deadlines the Parties seek to extend are outside of the 21-day window, the deadline for initial expert disclosures and rebuttal expert disclosures, however, have passed. As such, the excusable neglect applies to the deadlines for initial and rebuttal expert disclosures.

The Parties have been diligently conducting discovery and continue to conduct discovery. The Parties are working on scheduling the depositions of named parties and witnesses. LVMPD Defendants have discovery responses due on June 19, 2023. Additionally, Plaintiff has sought leave to amend his Complaint to name previously unidentified Doe Officers and add three (3) causes of action. As such, the Parties will need additional time to propound written discovery, respond to written discovery, continue to resolve outstanding discovery disputes, and conduct depositions. The Parties contend an extension of discovery deadlines enables them to continue to conduct necessary discovery so that this matter is fairly resolved and give the experts the opportunity to review all discovery produced in this dispute. Finally, the Parties together request this in good faith and to further the resolution of this complicated case on the merits, and not for any purpose of delay.

As noted above, the good cause analysis is proper for the majority of dates the Parties seek to extend, however, this request is being made after the expiration of the initial and rebuttal expert disclosures, to which the "excusable neglect" standard is the appropriate standard.

The Parties meet both the good cause and excusable neglect standard. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc.,* No. 2:13-cv-0137-JCM-NJK, 2013 U.S. Dist. LEXIS 108235, 2013 WL 3975764, at 1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)); *see also* Fed. R. Civ. P. 1 (providing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

MAC:14687-417 5104424_1 5/30/2023 2:16 PM

1 determination of every action and proceeding"). As the procedural history of this case 2 illustrates, the Parties have been diligent in litigating this matter. The Parties are continuing 3 to engage in written discovery and have begun coordinating the taking of depositions. 4 Additionally, counsel for the Parties in this matter are litigating several other unrelated matters 5 against each other which are well-advanced and have competing demands, and while 6 competing demands of litigation are merely one of many reasons for the instant request, it 7 should be noted that the other litigation between the same counsel involving similar issues can 8 only benefit from expanded discovery so that in other litigation, similar requests can be 9 expedited because they may have been done at least in part in this case; in this case, it would 10 be a matter of a universal benefit to the ends of justice and future efficiencies. Finally, counsel 11 for Plaintiff is preparing for a trial in July that requires significant time and attention, and 12 counsel for Defendants is out of the jurisdiction for two (2) weeks during June, further 13 compounding the need for an extension of the discovery deadlines.

14 The Parties meet the excusable neglect standard as well. There are at least four (4) 15 factors in determining whether neglect is excusable: "(1) the danger of prejudice to the 16 opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the 17 reason for the delay; and (4) whether the movant acted in good faith." *Erection Co. v. Archer* 18 *W. Contractors, LLC,* No. 2:12-cv-0612-MMD-NJK, 2013 U.S. Dist. LEXIS 159029, at *7 19 (D. Nev. Nov. 6, 2013) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S. 20 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable 21 one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 22 507 U.S. at 395.

23 In this matter, the first factor concerning prejudice to the opposing party does not 24 apply, as the Parties have agreed to stipulate to an extension of time. The three (3) remaining 25 factors weigh in favor of finding excusable neglect. In addition to submitting this as a joint 26 stipulation, the length of delay is modest. The initial expert disclosures deadline recently 27 passed, and the expert rebuttal deadline only expired on May 22, 2023. In terms of potential 28 impact on the proceedings, those too are minimal, particularly in light of Plaintiff's

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-417 5104424_1 5/30/2023 2:16 PM

outstanding Motion to Amend Complaint and the Parties' diligence in litigating this matter. Further, discovery is moving forward in a steady pace and the Parties are continuing to conduct discovery and coordinate depositions. The third factor the court considers is the reason for the delay. Here, the Parties moved diligently to extend the deadlines for initial and rebuttal experts once recognizing the need to potentially utilize experts in this matter. Lastly, the Parties bring this request jointly in good faith and not for any purpose of delay.

Thus, the standards to extend all deadlines, including the expert deadlines, are satisfied here.

### IV.  PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DEADLINES

|  | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Amend Pleadings and Add Parties | March 21, 2023 | **Past Due/Unchanged** |
| Initial Expert Disclosures | April 20, 2023 | **July 19, 2023** |
| Rebuttal Expert Disclosures | May 22, 2023 | **August 21, 2023**[1] |
| Discovery Cut-Off | June 19, 2023 | **September 18, 2023**[2] |
| Dispositive Motions | July 19, 2023 | **October 17, 2023** |
| Pretrial Order | August 18, 2023 | **November 16, 2023**(If dispositive motions are filed, the deadline shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.) |

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] Ninety (90) days from May 22, 2023, is Sunday, August 20, 2023.
[2] Ninety (90) days from June 19, 2023, is Sunday, September 17, 2023.

MAC:14687-417 5104424_1 5/30/2023 2:16 PM

1  Based on the foregoing stipulation and proposed deadlines plan, the Parties request
2 that the Discovery Plan and Scheduling Order deadlines be extended additional ninety (90)
3 days so that the parties may conduct additional discovery and depositions.

Dated this 30th day of May, 2023.                Dated this 30th day of May, 2023.

MCLETCHIE LAW                                    MARQUIS AURBACH

By:   /s/ Margaret A. McLetchie                  By:   /s/ Jackie V. Nichols
    Margaret A. McLetchie, Esq.                    Nick D. Crosby, Esq.
    Nevada Bar No. 10931                            Nevada Bar No. 8996
    N. Pieter O'Leary, Esq.                         Jackie V. Nichols, Esq.
    Nevada Bar No. 15297                            Nevada Bar No. 14246
    Leo S. Wolpert, Esq.                            10001 Park Run Drive
    Nevada Bar No. 12658                            Las Vegas, Nevada 89145
    602 South 10th Street                           Attorneys for Defendants Las Vegas
    Las Vegas, Nevada 89101                         Metropolitan Police Department and
    Attorneys for Plaintiff Nebyou Solomon          Sheriff Joseph Lombardo

**ORDER**

IT IS SO ORDERED this  31st  day of     May         , 2023.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

MAC:14687-417 5104424_1 5/30/2023 2:16 PM

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES (FIRST REQUEST)** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 30th day of May, 2023.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

/s/ Krista Busch
An employee of Marquis Aurbach