MARGARET A. MCLETCHIE, Nevada Bar No. 10931
LEO S. WOLPERT, Nevada Bar No. 12658
**MCLETCHIE LAW**
602 South Tenth St.
Las Vegas, Nevada 89101
Telephone: (702) 728-5300; Fax: (702) 425-8220
Email: maggie@nvlitigation.com
*Counsel for Plaintiff Nebyou Solomon*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NEBYOU SOLOMON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JOSEPH LOMBARDO, individual; DOE OFFICERS I - III, individuals,<br><br>Defendants. | Case No.: 2:22-cv-00847-JCM-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES**<br><br>**(THIRD REQUEST)** |

Plaintiff Nebyou Solomon ("Plaintiff"), by and through his counsel of record, Margaret A. McLetchie, Esq. and Leo S. Wolpert, Esq., of McLetchie Law, and Defendants, the Las Vegas Metropolitan Police Department (the "Department" or "LVMPD") and Sheriff Joseph Lombardo ("Lombardo"), collectively ("LVMPD Defendants"), by and through their counsel of record, Nick D. Crosby, Esq. of Marquis Aurbach, hereby stipulate and agree to extend the Discovery Plan and Scheduling Order deadlines an additional ninety (90) days. This Stipulation is being entered in good faith and not for purposes of delay.

**I.   STATUS OF DISCOVERY.**

PLAINTIFF'S DISCOVERY.

1.   Plaintiff's Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated August 19, 2022.

2.   Plaintiff Nebyou Solomon's Interrogatories to LVMPD - Set One dated November 1, 2022.

1

3. Plaintiff Nebyou Solomon's Requests for Production of Documents to LVMPD - Set One dated November 1, 2022.

4. Plaintiff's First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated January 3, 2023.

5. Plaintiff Nebyou Solomon's Requests for Production to LVMPD - Set Two dated May 16, 2023.

6. **Plaintiff Nebyou Solomon's Interrogatories to LVMPD – Set Two dated March 15, 2024.**

DEFENDANTS' DISCOVERY.

1. LVMPD Defendants' Initial Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated August 19, 2022.

2. LVMPD's Answers to Plaintiff Nebyou Solomon's Interrogatories - Set One dated December 5, 2022.

3. LVMPD's Responses to Plaintiff Nebyou Solomon's Requests for Production of Documents - Set One dated December 5, 2022.

4. LVMPD Defendants' First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated December 5, 2022.

5. **LVMPD Defendants' Second Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) dated July 6, 2023.**

6. **LVMPD's Answers to Plaintiff Nebyou Solomon's Requests for Production of Documents - Set Two dated July 17, 2023.**

7. **LVMPD's Answers to Plaintiff Nebyou Solomon's Interrogatories - Set Two dated April 17, 2024.**

8. **LVMPD Defendants' First Set of Interrogatories to Plaintiff Nebyou Solomon dated July 1, 2024.**

9. **LVMPD Defendants' First Set of Request for Production of Documents to Plaintiff Nebyou Solomon dated July 1, 2024.**

## II. DISCOVERY THAT REMAINS TO BE COMPLETED.

The Parties are actively conducting discovery. The Parties are working on depositions of named parties and witnesses. For the reasons explained below, the Parties will need additional time to propound written discovery, respond to written discovery, conduct depositions, and disclose experts.

## III. SPECIFIC DESCRIPTION OF WHY EXTENSION IS NECESSARY.

Pursuant to Local Rule 26-3, the Parties submit that good cause exists for the extension requested. This is the first request for an extension of discovery deadlines in this matter. The Parties acknowledge that, pursuant to Local Rule 26-3, a stipulation to extend a deadline set forth in a discovery plan must be submitted to the Court no later than 21 days before the expiration of the subject deadline, and that a request made within 21 days must be supported by a showing of good cause. Here, most of the deadlines the Parties seek to extend are outside of the 21-day window, but the deadline for initial expert disclosures is within this 21-day window.

The Parties have been diligently conducting discovery and continue to conduct discovery. The Parties are working on scheduling the depositions of named parties and witnesses. The Parties contend an extension of discovery deadlines enables them to continue to conduct necessary discovery so that this matter is fairly resolved and give the experts the opportunity to review all discovery produced in this dispute. Finally, the Parties together request this in good faith and to further the resolution of this complicated case on the merits, and not for any purpose of delay.

As noted above, the good cause analysis is proper for the dates the Parties seek to extend. The Parties meet both the good standard. "Good cause to extend a discovery deadline exists 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc.,* No. 2:13-cv-0137-JCM-NJK, 2013 U.S. Dist. LEXIS 108235, 2013 WL 3975764, at 1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)); *see also* Fed. R. Civ. P. 1 (providing that the Rules of Civil Procedure "should be construed, administered, and employed by the

court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). As the procedural history of this case illustrates, the Parties have been diligent in litigating this matter and have previously stayed this matter to engage in settlement discussions. The Parties are continuing to engage in written discovery and have begun coordinating the taking of depositions. Additionally, counsel for the Parties in this matter are litigating several other unrelated matters against each other which are well-advanced and have competing demands, and while competing demands of litigation are merely one of many reasons for the instant request, it should be noted that the other litigation between the same counsel involving similar issues can only benefit from expanded discovery so that in other litigation, similar requests can be expedited because they may have been done at least in part in this case; in this case, it would be a matter of a universal benefit to the ends of justice and future efficiencies.

Finally, counsel for Plaintiffs have suffered several unexpected family emergencies and staffing changes since the last time deadlines were extended in this matter. First, Pieter O'Leary left McLetchie law effective May 3, 2024, causing Ms. McLetchie and Mr. Wolpert to devote additional time to matters on which he was lead counsel. Second, Mr. Wolpert was required to be out of jurisdiction to care for his father—who was suffering from ALS—in Tucson, Arizona. Mr. Wolpert's father passed away on May 17, 2024, requiring Mr. Wolpert to remain in Arizona to assist his widowed mother with the funeral and winding up his father's affairs in May and June. Third, Ms. McLetchie was assisting her mother with treatment for Stage IV cancer. Ms. McLetchie's mother passed away on July 28, 2024, requiring Ms. McLetchie to assist with funeral arrangements and attending to her late mother's affairs and estate. Finally, lead counsel for Defendants, Jaqueline Nichols, recently left the firm on August 2, 2024, requiring the undersigned Defendants' counsel to assume lead counsel in this matter (in addition to several other matters Mrs. Nichols was handling). Thus, the standards to extend all deadlines, including the expert deadlines, are satisfied here.

/ / /

IV.     **PROPOSED SCHEDULE FOR REMAINING DEADLINES**

|  | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Amend Pleadings and Add Parties | March 21, 2023 | **Past Due/Unchanged** |
| Initial Expert Disclosures | August 6, 2024 | **November 4, 2024** |
| Rebuttal Expert Disclosures | September 6, 2024 | **December 5, 2024** |
| Discovery Cut-Off | October 8, 2024 | **January 6, 2025** |
| Dispositive Motions | November 7, 2024 | **February 5, 2025** |
| Pretrial Order | December 6, 2024 | **March 6, 2025** (If dispositive motions are filed, the deadline shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.) |

Based on the foregoing stipulation and proposed deadlines plan, the Parties request that the Discovery Plan and Scheduling Order deadlines be extended additional ninety (90) days so that the parties may conduct additional discovery and depositions.

Dated this 6th day of August, 2023.

**MCLETCHIE LAW**

By: */s/ Leo S. Wolpert*
    Margaret A. McLetchie, Esq.
    Nevada Bar No. 10931
    Leo S. Wolpert, Esq.
    Nevada Bar No. 12658
    602 South 10th Street
    Las Vegas, Nevada 89101
    *Attorneys for Plaintiff Nebyou Solomon*

Dated this 6th day of August, 2024.

**MARQUIS AURBACH**

By: */s/ Nick D. Crosby*
    Nick D. Crosby, Esq.
    Nevada Bar No. 8996
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    *Attorney for Defendants Las Vegas Metropolitan Police Department and Sheriff Joseph Lombardo*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8/7/2024